UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH LEWIS FAULKNER, | No. 2:16-cv-1576 MCE KJN P |
| Plaintiff, | |
| v. | ORDER |
| STATE OF CALIFORNIA, et al., | |
| Defendants. | |

Plaintiff is a state prisoner, proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis is granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time

the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Id. at 555.  However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal quotations marks omitted).  In reviewing a complaint under this standard, the court must accept as true the allegations of the

complaint in question, Erickson, 551 U.S. at 93, and construe the pleading in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

Named as defendants are the State of California, Mule Creek State Prison and Correctional Counselor Kissel. Plaintiff alleges that on June 30, 2011, an elder from his church called defendant Kissel and asked what plaintiff was "in for." Defendant Kissel told the elder that plaintiff was serving a sentence of life without parole and that he was a chronic child molester. Plaintiff alleges that this information was false. Plaintiff alleges that after defendant Kissel released the false information, plaintiff's fiancé (the elder's daughter) broke off their engagement. Plaintiff alleges that defendant Kissel defamed him.

Plaintiff's claims against defendants State of California and Mule Creek State Prison are barred by the Eleventh Amendment. The Eleventh Amendment prohibits federal jurisdiction over suits against the state or a state agency unless the state or agency consents to the suit. See Seminole Tribe of Florida v. Florida, 517 U.S. 44, 53 (1996); Pennhurst State School and Hospital v. Halderman, 465 U.S. 89, 100. Defendant State of California has not consented to suit. Accordingly, plaintiff's claims against defendants State of California and Mule Creek State Prison are barred by the Eleventh Amendment.

Plaintiff's claim against defendant Kissel alleging defamation does not state a constitutional claim. See Paul v. Davis, 424 U.S. 693, 699–701(1976) (defamation not actionable under section 1983); Hernandez v. Johnson, 833 F.2d 1316, 1319 (9th Cir. 1987) (libel and slander claims precluded by Paul). Accordingly, plaintiff's claims against defendant Kissel are dismissed.

Although it does not appear that plaintiff can cure the pleading defects in his claim against defendant Kissel, plaintiff is granted an opportunity to file an amended complaint. If plaintiff files an amended complaint, he shall not name the State of California and Mule Creek State Prison as defendants.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions about which he complains resulted in a deprivation of plaintiff's constitutional rights. Rizzo v.

1 Goode, 423 U.S. 362, 371 (1976).  Also, the complaint must allege in specific terms how each
2 named defendant is involved.  Id.  There can be no liability under 42 U.S.C. § 1983 unless there is
3 some affirmative link or connection between a defendant's actions and the claimed deprivation.
4 Id.; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743
5 (9th Cir. 1978).  Furthermore, vague and conclusory allegations of official participation in civil
6 rights violations are not sufficient.  Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

       In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This requirement exists because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

       On September 29, 2016 plaintiff filed a motion for a thirty days extension of time.  As there were no filing deadlines pending, plaintiff's motion for an extension of time is denied as unnecessary.

       In accordance with the above, IT IS HEREBY ORDERED that:

       1.  Plaintiff's request for leave to proceed in forma pauperis is granted.

       2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

       3.  Plaintiff's complaint is dismissed.

       4.  Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

           a.  The completed Notice of Amendment; and

    b. An original and one copy of the Amended Complaint.

Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must also bear the docket number assigned to this case and must be labeled "Amended Complaint." Failure to file an amended complaint in accordance with this order may result in the dismissal of this action.

    5. Plaintiff's motion for an extension of time (ECF No. 9) is denied.

Dated: December 12, 2016

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Fau1576.14

5

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH LEWIS FAULKNER, | No. 2:16-cv-1576 MCE KJN P |
| Plaintiff, | |
| v. | NOTICE OF AMENDMENT |
| STATE OF CALIFORNIA, et al., | |
| Defendants. | |

    Plaintiff hereby submits the following document in compliance with the court's order filed_____.

    _____    Amended Complaint
DATED:

    _____
    Plaintiff